07 CIV 9889

501-07/PJG/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
GUSTO SHIPPING S.A.,                         07 CV
                    Plaintiff

        -against -                           **VERIFIED COMPLAINT**

SITARA SHIPPING LIMITED,

                    Defendant.
------------------------------------------------------------x

Plaintiff GUSTO SHIPPING S.A. ("GUSTO") by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SITARA SHIPPING LIMITED ("SITARA"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of maritime contracts by Defendant SITARA. The case also falls within the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and federal question jurisdiction under 28 U.S.C. §1331. Federal jurisdiction also exists because the action arises under the New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times relevant hereto, Plaintiff GUSTO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Panama City, Panama.

3. At all times relevant hereto, Defendant SITARA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Esplanade School Building, 3rd Floor 160, D.N. Road, Fort Mumbai, Mahartashtra, India 400 001.

4. Defendant SITARA utilizes other entities as paying or funding agents for purposes of receiving, holding and/or transferring funds, including but not limited to funds in connection with the charter party referenced in paragraph five below, including but not limited to Astral Freight Forwarders (P) Limited which entity is used to hold, transfer, receive and/or is in possession of assets of Defendant SITARA.

5. On or about August 16, 2005, Plaintiff GUSTO, as owner, and SITARA as charterer, entered into a maritime contract of charter party for one time charter trip from Mumbai to Elmaan (hereinafter "First Charter Party").

6. Plaintiff GUSTO duly delivered the vessel into the service of SITARA and hire was earned.

7. Disputes between the parties arose concerning the outstanding balance of hire, which were submitted to arbitration in London.

8. Following the submissions of the parties to the arbitration tribunal, the tribunal rendered an Arbitration Award on April 12, 2007 (hereinafter "the First Award") in Plaintiff's favor on liability and costs, a true and accurate copy of which is attached as Exhibit A.

9. On or about September 26, 2005, Plaintiff GUSTO, as owner, and SITARA as charterer, entered into a maritime contract of charter party for the carriage of a cargo of bagged rice from Djibouti to Massawa (hereinafter "Second Charter Party").

10. Pursuant to the above-referenced Charter, the cargo was loaded and the voyage was performed.

11. Disputes between the parties arose concerning the outstanding balance of freight, demurrage, insurance premiums and a payment regarding the release of the vessel, which were submitted to arbitration in London.

12. Following the submissions of the parties to the arbitration tribunal, the tribunal rendered an Arbitration Award on April 12, 2007 (hereinafter "the Second Award") in Plaintiff's favor on liability and costs, a true and accurate copy of which is attached as Exhibit B.

13. The total amount due to Plaintiff under the First Award as of November 1, 2007 is $19,266.46 and under the Second Award is $50,865.34.

14. Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as part of GUSTO's claim.

15. Despite due demand, no part of the amounts due has been paid.

16. Plaintiff has fulfilled all obligations required of it under the two charter parties.

17. This action is brought to obtain jurisdiction over SITARA and to confirm and enforce the existing Awards, to obtain security for execution of the judgment to be entered on the existing Awards, as well as to secure the additional claims which will be prosecuted for collection of the sums sue under the two Awards.

18. In addition to the principal amount due under the awards and the interest through the date of filing of the Verified Complaint, GUSTO also seeks security in respect of its claims against SITARA for the additional sums which are due for future interest through the date of collection, and the related costs and fees which are also properly recoverable. The total additional amount for interest and the costs of collection, as nearly as can be computed, is $20,004.07, for a total attachment of $90,175.87.

19. Upon information and belief, and after investigation, Defendant SITARA cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant SITARA (collectively hereinafter, "ASSETS"), including but not limited to ASSETS as may be held, received, or transferred in its own name or for its benefit including those in the name of its paying or funding agent Astral Freight Forwarders (P) Limited at, through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

WHEREFORE, Plaintiff GUSTO prays:

a.  That process in due form of law according to the practice of this Court issue against Defendant SITARA, citing it to appear and answer the foregoing, failing which a default will be taken against it for the amounts of the claim as set forth in the Awards and as set forth above, plus interest, costs and attorney fees.

b.      That if Defendant SITARA cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant SITARA, up to and including the claim of USD $90,175.87 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant SITARA (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its own name or as may be held, received or transferred for its benefit, including those in the name of its paying or funding agent Astral Freight Forwarders (P) Limited at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.      That this Court determine and adjudge Plaintiff entitled to enforce the Awards and enter judgment in Plaintiff's favor thereon and against Defendant in the amount of the Awards plus interest, costs and the additional recoverable sums due, and otherwise recognize, confirm and enter judgment on the subject Award; and

d.      For such other, further and different relief as this Court may deem just and proper in the premises.

Dated:      New York, New York
            November 7, 2007

                                    FREEHILL HOGAN & MAHAR, LLP
                                    Attorneys for Plaintiff
                                    GUSTO SHIPPING, S.A.

                                    By: _____
                                        Peter J. Gutowski (PG 2200)
                                        Pamela L. Schultz (PS 8675)

80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

## ATTORNEY VERIFICATION

STATE OF NEW YORK      )
                       ) ss.:
COUNTY OF NEW YORK     )

PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

_____
PETER J. GUTOWSKI

Sworn to before me this
7th day of November, 2007.

_____
Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

NYDOCS1/291418.1            7

## IN THE MATTER OF THE ARBITRATION ACT 1996

## AND

## IN THE MATTER OF AN ARBITRATION

BETWEEN

| | |
|---|---|
| **GUSTO SHIPPING S.A.**<br>of Panama | **Claimants**<br>(Owners) |

AND

| | |
|---|---|
| **SITARA SHIPPING LIMITED**<br>of Mumbai, India | **Respondents**<br>(Charterers) |

### m.v. "GUSTO"

### Charterparty dated 16th August 2005

### FINAL ARBITRATION AWARD

**WHEREAS:**

1.  By a Charterparty on an amended New York Produce Exchange form, concluded and dated Karachi, 16th August 2005, the Claimants (hereinafter referred to as the "Owners") chartered their vessel, m.v. "Gusto", to the Respondents (hereinafter referred to as the "Charterers") for one time charter trip, always afloat, always accessible, always within I.W.L. via safe port(s), safe berth(s), safe anchorage(s) via 1 safe berth Mumbai to 1 safe berth Elmaan with a duration of about 25 – 35 days without guarantee, with delivery on dropping las

**EXHIBIT A**

Page 2

outward sea pilot Mumbai, any time day or night, Sundays and holidays included, with subsequent re-delivery on dropping last outward sea pilot 1 safe port East Africa or Red Sea, in Charterers' option, any time day or night, on the terms and conditions more particularised therein.

2.     Clause 17 and Additional Clause 112 provided that should disputes arise the same were to be referred to arbitration in London under English Law and provided, inter-alia, as follows:

### Clause 17

*"This Charterparty shall be governed by and construed in accordance with English Law and any dispute arising out of this Charterparty shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or re-enactment thereof for the time being in force. Unless the parties agree upon a Sole Arbitrator, one Arbitrator shall be appointed by each party and the Arbitrators so appointed shall appoint a third Arbitrator, the decision of the three-man Tribunal thus constituted or any two of them, shall be final. On the receipt by one party of the nomination in writing of the other party's Arbitrator, that party shall appoint their Arbitrator within 14 days, failing which the decision of the single Arbitrator appointed shall be final. The Arbitrators shall be members of the London Maritime Arbitrators Association. For disputes where the total amount in dispute does not exceed the amount of US $50,000 the arbitration shall be conducted in accordance with the Small Claims Procedure of the London Maritime Arbitrators Association."*

### Clause 112

*"General Average and arbitration in London. This Charterparty shall be governed by and construed in accordance with English Law."*

*Page 3*

3.  Disputes having arisen, more particularised below, the Owners appointed me, the undersigned William Robertson of The Atlas Room, 37 Woodpecker Crescent, Burgess Hill, West Sussex, RH15 9XY, as their appointed Arbitrator.

However, the Charterers failed to appoint an Arbitrator of their choice, pursuant to the terms and conditions of the Arbitration Act 1996, and I subsequently accepted appointment as Sole Arbitrator in the reference.

However, subsequently, the parties agreed to my appointment as Sole Arbitrator in the reference, pursuant to the LMAA Small Claims Procedure 2006.

I am a full member of the London Maritime Arbitrators Association, a commercial man and a member of the Baltic Exchange in London.

4.  The seat of the arbitration is London, England.

5.  The dispute referred to the undersigned concerned a claim by the Owners in respect of a balance on final hire accounts in a sum of US $12,079.67, together with interest and costs.

The Charterers denied liability and counterclaimed a balance on final hire accounts in a sum of US $26,170.00, together with interest and costs.

6.  I received written submissions from London solicitors representing the Owners and from Indian solicitors representing the Charterers. The parties were content that I proceed to an Award on the basis of the written submissions alone without an oral attended hearing. Neither of the parties requested a Reasoned Award.

NOW I, the said William Robertson, having taken upon myself the burden of Sole Arbitrator in relation to the disputes between the parties, and having read the written submissions and documents produced to me, and having weighed and considered the facts and the evidence, **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FINAL ARBITRATION AWARD** as follows:

Page 4

**I FIND AND HOLD** that the Owners' claim in respect of an outstanding balance on final hire accounts succeeds in the sum of US $9,879.46.

The Charterers' counterclaim in respect of a final balance on final hire accounts fails in its entirety and is hereby dismissed.

**I AWARD AND ADJUDGE** that the Charterers shall forthwith pay to the Owners the sum of US $9,879.46 (Nine Thousand, Eight Hundred and Seventy-Nine United States Dollars and Forty-Six Cents), together with interest thereon at a commercial rate of 7% per annum from 1st November 2005, compounded at three monthly intervals until the date of payment.

**I FURTHER AWARD AND ADJUDGE** that the Charterers shall bear and pay their own and the Owners' recoverable costs of the reference, which **I HEREBY DETERMINE**, in accordance with the LMAA Small Claims Procedure 2006, in a sum of £2,000 and further that the Charterers shall also bear and pay the cost of this **FINAL ARBITRATION AWARD**, which **I HEREBY DETERMINE AND SETTLE** in the sum of £1,500.00, which I have received, pursuant to the LMAA Small Claims Procedure 2006.

**ALWAYS PROVIDED** that if the Owners have in the first instance paid any amount in respect of the cost of this Award, they shall be entitled to immediate reimbursement from the Charterers of the sum so paid, together with interest thereon at a rate of 7.5% per annum, compounded at three monthly intervals, from the date of payment by the Owners until the date of settlement by the Charterers.

*Page 5*

**GIVEN** under my hand in London          12th April 2007

...................................          ...................................
**WILLIAM ROBERTSON**                          **WITNESS**

IN THE MATTER OF THE ARBITRATION ACT 1996

AND

IN THE MATTER OF AN ARBITRATION

BETWEEN

| | |
|---|---|
| GUSTO SHIPPING S.A. <br> of Panama | Claimants <br> (Owners) |
| AND | |
| SITARA SHIPPING LIMITED <br> of Mumbai, India | Respondents <br> (Charterers) |

m.v. "GUSTO"

Charterparty dated 26th September 2005

FINAL ARBITRATION AWARD

WHEREAS:

1.  By a Charterparty on an amended "Gencon" form, as evidenced by a Fixture Recapitulation of 26th September 2005 based on a pro forma Charterparty for m.v. "St. Crispian" of 23rd June 2005, the Claimants (hereinafter referred to as the "Owners") chartered their vessel, m.v. "Gusto", to the Respondents (hereinafter referred to as the "Charterers") for the carriage of a cargo of minimum 1,700 / maximum 2,000 metric tonnes of bagged rice from 1 safe port, 1 safe berth Djibouti, to discharge at 1 safe port, 1 safe berth Massawa, on the terms and conditions more particularised therein.



EXHIBIT B

*Page 2*

2. The Fixture Recapitulation and the Charterparty provided that should disputes arise the same should be referred to arbitration in London and provided, inter-alia, as follows.

### Clause 11

"...*as amended 1990 English Law to apply*"

### Clause 40

"*Any claim under this Charterparty shall be notified in writing and shall be referred to arbitration within twelve months of completion of discharge. Arbitration, if any to be settled in London in the usual manner. Each party appointing own Arbitrator, Arbitrator / Umpire to be commercial people conversant with shipping.*"

3. Disputes having arisen, more particularised below, the Owners appointed me, the undersigned William Robertson of The Atlas Room, 37 Woodpecker Crescent, Burgess Hill, West Sussex, RH15 9XY, as their appointed Arbitrator.

However, the Charterers failed to appoint an Arbitrator of their choice, pursuant to the terms of the Arbitration Act 1996, and I subsequently accepted appointment as Sole Arbitrator in the reference.

I am a full member of the London Maritime Arbitrators Association, a commercial man and a member of the Baltic Exchange in London.

4. The seat of the arbitration is London.

5. The disputes referred to the undersigned concerned claims by the Owners in respect of outstanding freight, demurrage, a payment regarding the release of the vessel from Massawa and war risk insurance in a sum of US $36,426.65, (together with a sum of US $2,200.21 being left over from the previous fixture). The Owners also claimed interest and costs.

The Charterers denied liability.

*Page 3*

6. I received written submissions from London solicitors representing the Owners and from Indian solicitors representing the Charterers. The parties were content that I proceed to an Award on the basis of the written submissions alone without an oral attended hearing. Neither of the parties requested a Reasoned Award.

NOW I, the said William Robertson, having taken upon myself the burden of Sole Arbitrator in relation to the disputes between the parties, and having read the written submissions and documents produced to me, and having weighed and considered the facts and the evidence, **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claims succeed in full in the sum of US $38,356.86.

**I AWARD AND ADJUDGE** that the Charterers shall forthwith pay to the Owners the sum of US $38,356.86 (Thirty-Eight Thousand, Three Hundred & Fifty-Six United States Dollars and Eighty-Six Cents), together with interest thereon at a commercial rate of 7% per annum from 1st November 2005, compounded at three monthly intervals, until the date of payment by the Charterers.

**I FURTHER AWARD AND ADJUDGE** that the Charterers shall bear and pay their own and the Owners' recoverable costs of the reference (the latter to be determined by me if so requested, for which determination I hereby reserve powers and jurisdiction) and that the Charterers shall bear and pay the cost of this my **FINAL ARBITRATION AWARD**, which **I HEREBY DETERMINE** in the sum of £2,875.00, inclusive of my fees and interlocutory charges.

*Page 4*

**ALWAYS PROVIDED** that if the Owners have in the first instance paid any sum in respect of the cost of this Award, they shall be entitled to immediate reimbursement from the Charterers of the sum so paid, together with interest thereon at a rate of 7.5% per annum, compounded at three monthly intervals, with effect from the date of payment of such sum by the Owners until the date of reimbursement by the Charterers.

**GIVEN** under my hand in London            12th April 2007

..................................................         ..................................
**WILLIAM ROBERTSON**                              **WITNESS**