501-07/PJG/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff Gusto Shipping S.A.
80 Pine Street
New York, New York 10005
(212) 425-1900
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------

GUSTO SHIPPING S.A.,                          07 CV 9889 (BSJ)

                                Plaintiff,

     - against -                              **AFFIDAVIT OF**
                                              **PAMELA L. SCHULTZ**

SITARA SHIPPING LIMITED,

                                Defendant.
----------------------------------------------------

STATE OF NEW YORK   )
                    ) ss:
COUNTY OF NEW YORK)

1.     I, PAMELA L. SCHULTZ, am an attorney admitted to practice before this Court and

am an associate of Freehill Hogan & Mahar, LLP.  Our office represents Plaintiff Gusto Shipping

S.A. ("Gusto") in the captioned action which involves a maritime attachment pursuant to

Supplemental Admiralty Rule B against Defendant Sitara Shipping Limited ("Sitara").

2.     I submit this affidavit in support of Plaintiff's application for the entry of a default

judgment against Defendant Sitara and for the immediate turnover of the funds under attachment,

and/or for an order confirming the London arbitration awards dated April 12, 2007, as a judgment

and for the immediate turnover of the funds under attachment.

3.     In accordance with Local Civil Rule 55.2(b), I am attaching hereto as Exhibits A, B,

and C, respectively, the following: (A) the Clerk's Certificate of Default of Defendant Sitara, (B) a

copy of the Verified Complaint to which no response has been made, and (C) a proposed form of default judgment.

4.      As explained more fully herein, Plaintiff's damages for which it is entitled to a default judgment exceed the sums currently under attachment in this action ($90,175.87). Those damages consist of (1) the amounts due to Plaintiff under the arbitration awards issued in its favor and (2) Plaintiff's costs and attorney's fees incurred herein. Each is discussed below.

## 1. **Amounts Due Under Arbitration Awards in Plaintiff's Favor**

5.      As explained more fully in the Declaration of Russell St. John Gardner, Plaintiff has obtained two arbitration awards in its favor and against Defendant.

6.      The First Award relates to the August 16, 2005, charter party and directs Defendant Sitara to pay Plaintiff: (i) $9,879.46, plus interest at the rate of 7.0% per annum compounded quarterly from November 1, 2005 until paid; and (ii) costs of the reference of £2,000[1] and costs of the Award of £1,500 plus interest at the rate of 7.5% per annum compounded quarterly from the date of payment by Plaintiff (January 8, 2007).   Therefore, the total amount due and outstanding on this First Award, including interest up to July 15, 2008, is $20,623.47.

7.      The Second Award relates to the September 26, 2005, charter party and directs Defendant Sitara to pay Plaintiff: (i) $38,356.86, plus interest at the rate of 7.0% per annum compounded quarterly from November 1, 2005, until paid; and (ii) costs of the Award in the amount of £2,875 plus interest at the rate of 7.5% per annum from the date of payment by Plaintiff (November 8, 2007) until paid by Charterers.   Therefore, the total amount due and outstanding on the Second Award is $54,195.59 with interest calculated to July 15, 2008.

---

[1] The exchange rate utilized is 1 GBP = 2.0095 USD.

8.    Thus, the total amount due and outstanding under the two Awards is $74,819.06.[2]

## 2. Plaintiff's Application for Legal Fees and Costs.

9.    In addition to the amounts owed under the two Awards as described above, Plaintiff is entitled to recover its legal fees and costs incurred herein.

10.    The legal authority supporting Plaintiff's application for its legal fees and costs is discussed in Plaintiff's Memorandum of Law filed in connection with the instant application. Insofar as quantum is concerned, the following facts are relevant:

11.    In October 2007, our firm was retained to represent Plaintiff in connection with its efforts to obtain payment of amounts due and owing under the Awards.   Since the Awards were based upon maritime contract claims, Plaintiff utilized the Rule B mechanism to obtain security from Defendant for the amounts outstanding under the Awards, plus interest and collection costs.

12.    In connection with the application, I performed a search to determine whether Defendant Sitara could be found within the District for purposes of Rule B, and I determined that it could not. (ECF Doc. 8).

13.    Our office thereafter filed a Verified Complaint on November 8, 2007, seeking *inter alia*, a Process of Maritime Attachment and Garnishment ("PMAG") pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims.  This Court granted the application, and a PMAG was issued on the same day.  Shortly thereafter, our office commenced service of the PMAG on various garnishee banks.

---

[2] To the extent Plaintiff seeks recognition and enforcement of the London arbitration award, I direct the Court to the Declaration of Russell St. John Gardner which includes a certified copy of the charter parties containing the arbitration clause between the parties and a certified copy of the Awards issued by the London Tribunal for which confirmation is sought.

14.    In the ensuing months, Citibank, BNP Paribas and JPMorgan Chase advised our office (as counsel for Plaintiff) that they had identified and restrained assets of Defendant.  (The amount of assets presently being restrained by these banks pursuant to the PMAG totals $90,175.87.)

15.    Thereafter, our office timely provided notices of attachment, pursuant to Local Rule B.2, to Defendant (a copy of which are attached as Exhibit D hereto).  The notice letters were sent directly to Sitara as well as the Indian counsel who had represented Sitara in the London arbitration proceedings, Manoj Khatari.  Our office has also been in communication via e-mail with Mr. Khatari.

16.    However, even in the face of notice of the restraints and formal service of the Summons and Verified Complaint, Defendant failed to answer the Complaint or otherwise appear in the action.

17.    In connection with our offices' representation of Plaintiff as described above, legal fees and expenses were incurred from October 2007 through the present date as follows:

> Initial review of documentation; preparing Rule B application papers; filing Rule B application; obtaining PMAG; serving daily PMAG upon garnishee banks; preparing notices of attachment to Defendants; communicating with banks; communicating with Indian counsel representing Sitara; communicating with London solicitors regarding inquiries into communication with Indian counsel; preparing summons and verified complaint for service of process in India; reporting to clients; discussing options with clients to obtain satisfaction against arbitral awards; obtaining instructions to prepare application for default; preparing application for default; preparing affidavit for Clerk's Certificate of Default; filing Affidavit for default;

| | |
|---|---|
| Legal Fees: | $10,126.00 |
| Costs: | 872.43 |
| Total: | $10,998.43 |

18.    It is respectfully submitted that the time devoted to this case as reflected in the preceding paragraph was necessary to properly represent our client and protect its interest in this matter.

19.    In addition to the above fees and costs, it is estimated that further fees and expenses in bringing this matter to a conclusion through collection on the judgment will amount to $5,000.00, including further legal fees, costs of any service ordered by the Court, attendance at Court, courier fees and other disbursements.  For the reasons discussed in Plaintiff's Memorandum of Law, these fees and costs should also be assessed against Defendant.

20.    Accordingly, the total fees and costs to which Plaintiff is entitled are $15,998.43.

### Summary

21.    In sum, Plaintiff's damages as described above total $90,817.49, consisting of the amounts due under the Awards plus interest through July 15, 2008 ($74,819.06) plus legal costs and fees of $15,998.43.

22.    Therefore, and because this action involves an exercise of the Court's *quasi in rem* jurisdiction, Plaintiff is entitled to a default judgment of $90,175.87 (the full amount currently under attachment).

DATED:    New York, New York
          June 20, 2008

PAMELA L. SCHULTZ

Sworn to on this 20th day
of June 2008.

Notary Public

GLORIA J. REGIS HOSEIN
Notary Public, State of New York
No. 01RE6065625, Qualified in Kings County
Certificate Filed in New York County
Commission Expires October 22, 2009

NYDOCS1/307198.1                                    5

501-07/PJG/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff Gusto Shipping S.A.
80 Pine Street
New York, New York 10005
(212) 425-1900
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

GUSTO SHIPPING S.A.,                              07 CV 9889 (BSJ)

                         Plaintiff,

        - against -                          **CLERK'S CERTIFICATE**
                                                  **OF DEFAULT**
SITARA SHIPPING LIMITED,

                         Defendant.
-------------------------------------------------------

        I, J. Michael McMahon, Clerk of the United States District Court, Southern District of

New York, do hereby certify that this action commenced on November 8, 2007, with the filing of

a Summons and Verified Complaint, and that I have reviewed the Affidavit of Pamela L. Schultz

dated June 16, 2008, and the docket entries in this case and confirm that Defendant has not filed

an answer or otherwise moved with respect to the Complaint herein.  The default of Defendant

pursuant to Federal Rule of Civil Procedure 55(a) is hereby noted.


DATED:       New York, New York
             June ___, 2008

                                        _____
                                        J. Michael McMahon, Clerk of the United States
                                        District Court, Southern District of New York


EXHIBIT
A

07 CIV 9889

501-07/PJG/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

GUSTO SHIPPING S.A.,                                    07 CV

                    Plaintiff

        -against -                                  **VERIFIED COMPLAINT**

SITARA SHIPPING LIMITED,

                  Defendant.
----------------------------------------------------------------x

       Plaintiff GUSTO SHIPPING S.A. ("GUSTO") by its attorneys Freehill Hogan & Mahar,

LLP, as and for its Verified Complaint against Defendant SITARA SHIPPING LIMITED

("SITARA"), alleges upon information and belief as follows:

       1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure in that it involves a claim for the breach of maritime contracts

by Defendant SITARA.   The case also falls within the Court's admiralty and maritime

jurisdiction pursuant to 28 U.S.C. §1333 and federal question jurisdiction under 28 U.S.C.

§1331. Federal jurisdiction also exists because the action arises under the New York Convention

on the Recognition and Enforcement of Foreign Arbitral Awards at 9 U.S.C. §201 *et seq.* and/or

the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

NYDOCS1/291418.1


EXHIBIT
B

2.    At all times relevant hereto, Plaintiff GUSTO was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address in Panama City, Panama.

3.    At all times relevant hereto, Defendant SITARA was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Esplanade School Building, 3rd Floor 160, D.N. Road, Fort Mumbai, Mahartashtra, India 400 001.

4.    Defendant SITARA utilizes other entities as paying or funding agents for purposes of receiving, holding and/or transferring funds, including but not limited to funds in connection with the charter party referenced in paragraph five below, including but not limited to Astral Freight Forwarders (P) Limited which entity is used to hold, transfer, receive and/or is in possession of assets of Defendant SITARA.

5.    On or about August 16, 2005, Plaintiff GUSTO, as owner, and SITARA as charterer, entered into a maritime contract of charter party for one time charter trip from Mumbai to Elmaan (hereinafter "First Charter Party").

6.    Plaintiff GUSTO duly delivered the vessel into the service of SITARA and hire was earned.

7.    Disputes between the parties arose concerning the outstanding balance of hire, which were submitted to arbitration in London.

8.    Following the submissions of the parties to the arbitration tribunal, the tribunal rendered an Arbitration Award on April 12, 2007 (hereinafter "the First Award") in Plaintiff's favor on liability and costs, a true and accurate copy of which is attached as Exhibit A.

9.    On or about September 26, 2005, Plaintiff GUSTO, as owner, and SITARA as charterer, entered into a maritime contract of charter party for the carriage of a cargo of bagged rice from Djibouti to Massawa (hereinafter "Second Charter Party").

10.    Pursuant to the above-referenced Charter, the cargo was loaded and the voyage was performed.

11.    Disputes between the parties arose concerning the outstanding balance of freight, demurrage, insurance premiums and a payment regarding the release of the vessel, which were submitted to arbitration in London.

12.    Following the submissions of the parties to the arbitration tribunal, the tribunal rendered an Arbitration Award on April 12, 2007 (hereinafter "the Second Award") in Plaintiff's favor on liability and costs, a true and accurate copy of which is attached as Exhibit B.

13.    The total amount due to Plaintiff under the First Award as of November 1, 2007 is $19,266.46 and under the Second Award is $50,865.34.

14.    Under English law, including but not limited to Section 63 of the English Arbitration Act of 1996, costs including attorney fees, arbitrators' fees, disbursements and interest are recoverable as part of GUSTO's claim.

15.    Despite due demand, no part of the amounts due has been paid.

16.    Plaintiff has fulfilled all obligations required of it under the two charter parties.

17.    This action is brought to obtain jurisdiction over SITARA and to confirm and enforce the existing Awards, to obtain security for execution of the judgment to be entered on the existing Awards, as well as to secure the additional claims which will be prosecuted for collection of the sums sue under the two Awards.

18. In addition to the principal amount due under the awards and the interest through the date of filing of the Verified Complaint, GUSTO also seeks security in respect of its claims against SITARA for the additional sums which are due for future interest through the date of collection, and the related costs and fees which are also properly recoverable. The total additional amount for interest and the costs of collection, as nearly as can be computed, is $20,004.07, for a total attachment of $90,175.87.

19. Upon information and belief, and after investigation, Defendant SITARA cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant SITARA (collectively hereinafter, "ASSETS"), including but not limited to ASSETS as may be held, received, or transferred in its own name or for its benefit including those in the name of its paying or funding agent Astral Freight Forwarders (P) Limited at, through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

WHEREFORE, Plaintiff GUSTO prays:

a.    That process in due form of law according to the practice of this Court issue against Defendant SITARA, citing it to appear and answer the foregoing, failing which a default will be taken against it for the amounts of the claim as set forth in the Awards and as set forth above, plus interest, costs and attorney fees.

b.     That if Defendant SITARA cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant SITARA, up to and including the claim of USD $90,175.87 be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant SITARA (collectively hereinafter, "ASSETS"), including but not limited to such ASSETS as may be held, received, or transferred in its own name or as may be held, received or transferred for its benefit, including those in the name of its paying or funding agent Astral Freight Forwarders (P) Limited at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.     That this Court determine and adjudge Plaintiff entitled to enforce the Awards and enter judgment in Plaintiff's favor thereon and against Defendant in the amount of the Awards plus interest, costs and the additional recoverable sums due, and otherwise recognize, confirm and enter judgment on the subject Award; and

d.     For such other, further and different relief as this Court may deem just and proper in the premises.

Dated:     New York, New York
           November 7, 2007

                          FREEHILL HOGAN & MAHAR, LLP
                          Attorneys for Plaintiff
                          GUSTO SHIPPING, S.A.

                          By: _____
                                Peter J. Gutowski (PG 2200)
                                Pamela L. Schultz (PS 8675)

80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax

## ATTORNEY VERIFICATION

STATE OF NEW YORK    )
                             ) ss.:
COUNTY OF NEW YORK  )

      PETER J. GUTOWSKI, being duly sworn, deposes and says as follows:

      1.     I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

      2.     The sources of my information and the grounds for my belief are communications, information and documentation provided by our client.

      3.     The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

                                                                           PETER J. GUTOWSKI

Sworn to before me this
7th day of November, 2007.

Notary Public

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

## IN THE MATTER OF THE ARBITRATION ACT 1996

## AND

## IN THE MATTER OF AN ARBITRATION

## BETWEEN

| | |
|---|---|
| **GUSTO SHIPPING S.A.**<br>of Panama | **Claimants**<br>(Owners) |
| **AND** | |
| **SITARA SHIPPING LIMITED**<br>of Mumbai, India | **Respondents**<br>(Charterers) |

### m.v. "GUSTO"

### Charterparty dated 16th August 2005

### FINAL ARBITRATION AWARD

### WHEREAS:

1.      By a Charterparty on an amended New York Produce Exchange form, concluded and dated Karachi, 16th August 2005, the Claimants (hereinafter referred to as the "Owners") chartered their vessel, m.v. "Gusto", to the Respondents (hereinafter referred to as the "Charterers") for one time charter trip, always afloat, always accessible, always within I.W.L. via safe port(s), safe berth(s), safe anchorage(s) via 1 safe berth Mumbai to 1 safe berth Elmaan with a duration of about 25 – 35 days without guarantee, with delivery on dropping las

EXHIBIT

A

*Page 2*

outward sea pilot Mumbai, any time day or night, Sundays and holidays included, with subsequent re-delivery on dropping last outward sea pilot 1 safe port East Africa or Red Sea, in Charterers' option, any time day or night, on the terms and conditions more particularised therein.

2.    Clause 17 and Additional Clause 112 provided that should disputes arise the same were to be referred to arbitration in London under English Law and provided, inter-alia, as follows:

### Clause 17

*"This Charterparty shall be governed by and construed in accordance with English Law and any dispute arising out of this Charterparty shall be referred to arbitration in London in accordance with the Arbitration Act 1996 or any statutory modification or re-enactment thereof for the time being in force. Unless the parties agree upon a Sole Arbitrator, one Arbitrator shall be appointed by each party and the Arbitrators so appointed shall appoint a third Arbitrator, the decision of the three-man Tribunal thus constituted or any two of them, shall be final. On the receipt by one party of the nomination in writing of the other party's Arbitrator, that party shall appoint their Arbitrator within 14 days, failing which the decision of the single Arbitrator appointed shall be final. The Arbitrators shall be members of the London Maritime Arbitrators Association. For disputes where the total amount in dispute does not exceed the amount of US $50,000 the arbitration shall be conducted in accordance with the Small Claims Procedure of the London Maritime Arbitrators Association."*

### Clause 112

*"General Average and arbitration in London. This Charterparty shall be governed by and construed in accordance with English Law."*

*Page 3*

3.    Disputes having arisen, more particularised below, the Owners appointed me, the undersigned William Robertson of The Atlas Room, 37 Woodpecker Crescent, Burgess Hill, West Sussex, RH15 9XY, as their appointed Arbitrator.

However, the Charterers failed to appoint an Arbitrator of their choice, pursuant to the terms and conditions of the Arbitration Act 1996, and I subsequently accepted appointment as Sole Arbitrator in the reference.

However, subsequently, the parties agreed to my appointment as Sole Arbitrator in the reference, pursuant to the LMAA Small Claims Procedure 2006.

I am a full member of the London Maritime Arbitrators Association, a commercial man and a member of the Baltic Exchange in London.

4.    The seat of the arbitration is London, England.

5.    The dispute referred to the undersigned concerned a claim by the Owners in respect of a balance on final hire accounts in a sum of US $12,079.67, together with interest and costs.

The Charterers denied liability and counterclaimed a balance on final hire accounts in a sum of US $26,170.00, together with interest and costs.

6.    I received written submissions from London solicitors representing the Owners and from Indian solicitors representing the Charterers. The parties were content that I proceed to an Award on the basis of the written submissions alone without an oral attended hearing. Neither of the parties requested a Reasoned Award.

NOW I, the said William Robertson, having taken upon myself the burden of Sole Arbitrator in relation to the disputes between the parties, and having read the written submissions and documents produced to me, and having weighed and considered the facts and the evidence, **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FINAL ARBITRATION AWARD** as follows:

*Page 4*

<u>I FIND AND HOLD</u> that the Owners' claim in respect of an outstanding balance on final hire accounts succeeds in the sum of US $9,879.46.

The Charterers' counterclaim in respect of a final balance on final hire accounts fails in its entirety and is hereby dismissed.

<u>I AWARD AND ADJUDGE</u> that the Charterers shall forthwith pay to the Owners the sum of US $9,879.46 (Nine Thousand, Eight Hundred and Seventy-Nine United States Dollars and Forty-Six Cents), together with interest thereon at a commercial rate of 7% per annum from 1st November 2005, compounded at three monthly intervals until the date of payment.

<u>I FURTHER AWARD AND ADJUDGE</u> that the Charterers shall bear and pay their own and the Owners' recoverable costs of the reference, which <u>I HEREBY DETERMINE</u>, in accordance with the LMAA Small Claims Procedure 2006, in a sum of £2,000 and further that the Charterers shall also bear and pay the cost of this <u>FINAL ARBITRATION AWARD</u>, which <u>I HEREBY DETERMINE AND SETTLE</u> in the sum of £1,500.00, which I have received, pursuant to the LMAA Small Claims Procedure 2006.

<u>ALWAYS PROVIDED</u> that if the Owners have in the first instance paid any amount in respect of the cost of this Award, they shall be entitled to immediate reimbursement from the Charterers of the sum so paid, together with interest thereon at a rate of 7.5% per annum, compounded at three monthly intervals, from the date of payment by the Owners until the date of settlement by the Charterers.

*Page 5*

**GIVEN** under my hand in London     12th April    2007

..................................................
**WILLIAM ROBERTSON**

...............................
**WITNESS**

## IN THE MATTER OF THE ARBITRATION ACT 1996

## AND

## IN THE MATTER OF AN ARBITRATION

## BETWEEN

| | |
|---|---|
| **GUSTO SHIPPING S.A.**<br>of Panama | **Claimants**<br>**(Owners)** |

## AND

| | |
|---|---|
| **SITARA SHIPPING LIMITED**<br>of Mumbai, India | **Respondents**<br>**(Charterers)** |

### m.v. "GUSTO"

### Charterparty dated 26th September 2005

## FINAL ARBITRATION AWARD

## WHEREAS:

1.    By a Charterparty on an amended "Gencon" form, as evidenced by a Fixture Recapitulation of 26th September 2005 based on a pro forma Charterparty for m.v. "St. Crispian" of 23rd June 2005, the Claimants (hereinafter referred to as the "Owners") chartered their vessel, m.v. "Gusto", to the Respondents (hereinafter referred to as the "Charterers") for the carriage of a cargo of minimum 1,700 / maximum 2,000 metric tonnes of bagged rice from 1 safe port, 1 safe berth Djibouti, to discharge at 1 safe port, 1 safe berth Massawa, on the terms and conditions more particularised therein.



**EXHIBIT**

tabbies

B

*Page 2*

2.      The Fixture Recapitulation and the Charterparty provided that should disputes arise the same should be referred to arbitration in London and provided, inter-alia, as follows.

**Clause 11**

"...*as amended 1990 English Law to apply*"

**Clause 40**

"*Any claim under this Charterparty shall be notified in writing and shall be referred to arbitration within twelve months of completion of discharge. Arbitration, if any to be settled in London in the usual manner. Each party appointing own Arbitrator, Arbitrator / Umpire to be commercial people conversant with shipping.*"

3.      Disputes having arisen, more particularised below, the Owners appointed me, the undersigned William Robertson of The Atlas Room, 37 Woodpecker Crescent, Burgess Hill, West Sussex, RH15 9XY, as their appointed Arbitrator.

        However, the Charterers failed to appoint an Arbitrator of their choice, pursuant to the terms of the Arbitration Act 1996, and I subsequently accepted appointment as Sole Arbitrator in the reference.

        I am a full member of the London Maritime Arbitrators Association, a commercial man and a member of the Baltic Exchange in London.

4.      The seat of the arbitration is London.

5.      The disputes referred to the undersigned concerned claims by the Owners in respect of outstanding freight, demurrage, a payment regarding the release of the vessel from Massawa and war risk insurance in a sum of US $36,426.65, (together with a sum of US $2,200.21 being left over from the previous fixture). The Owners also claimed interest and costs.

        The Charterers denied liability.

*Page* 3

6.    I received written submissions from London solicitors representing the Owners and from Indian solicitors representing the Charterers.  The parties were content that I proceed to an Award on the basis of the written submissions alone without an oral attended hearing.  Neither of the parties requested a Reasoned Award.

NOW I, the said William Robertson, having taken upon myself the burden of Sole Arbitrator in relation to the disputes between the parties, and having read the written submissions and documents produced to me, and having weighed and considered the facts and the evidence, **DO HEREBY MAKE, ISSUE AND PUBLISH** this my **FINAL ARBITRATION AWARD** as follows:

**I FIND AND HOLD** that the Owners' claims succeed in full in the sum of US $38,356.86.

**I AWARD AND ADJUDGE** that the Charterers shall forthwith pay to the Owners the sum of US $38,356.86 (Thirty-Eight Thousand, Three Hundred & Fifty-Six United States Dollars and Eighty-Six Cents), together with interest thereon at a commercial rate of 7% per annum from 1st November 2005, compounded at three monthly intervals, until the date of payment by the Charterers.

**I FURTHER AWARD AND ADJUDGE** that the Charterers shall bear and pay their own and the Owners' recoverable costs of the reference (the latter to be determined by me if so requested, for which determination I hereby reserve powers and jurisdiction) and that the Charterers shall bear and pay the cost of this my **FINAL ARBITRATION AWARD**, which **I HEREBY DETERMINE** in the sum of £2,875.00, inclusive of my fees and interlocutory charges.

*Page 4*

ALWAYS PROVIDED that if the Owners have in the first instance paid any sum in respect of the cost of this Award, they shall be entitled to immediate reimbursement from the Charterers of the sum so paid, together with interest thereon at a rate of 7.5% per annum, compounded at three monthly intervals, with effect from the date of payment of such sum by the Owners until the date of reimbursement by the Charterers.

GIVEN under my hand in London          12ᵗʰ April 2007

WILLIAM ROBERTSON          WITNESS

501-07/PJG/PLS
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

GUSTO SHIPPING S.A.,                                      07 CV 9889 (BSJ)

                            Plaintiff,

    -    against –

SITARA SHIPPING LIMITED,                                  **JUDGMENT**

                            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WHEREAS, Plaintiff commenced this action on November 8, 2007, by the filing of a Summons and Verified Complaint, to obtain security for its claims against Defendant arising out of a maritime contract of charter party, which claims were the subject of London arbitration and for which two arbitral awards had been entered in Plaintiff's favor and against Defendant; and

WHEREAS, Plaintiff sought and obtained an order of attachment pursuant to Supplemental Admiralty Rule B, directing the Clerk to issue Process of Maritime Attachment and Garnishment ("PMAG") against all tangible or intangible property belonging to, claimed by or being held for Defendant by any garnishees within the district, up to and including the sum of $90,175.87; and

WHEREAS, various garnishee banks restrained and sequestered electronic funds transfers representing assets of the Defendant as a result of the above Order and PMAG in the following amounts:

| | | |
|---|---|---|
| Citibank | 12/10/2007 | $10,107.00 |
| Citibank | 12/12/2007 | $ 3,461.00 |
| BNP Paribas | 12/18/2007 | $20,051.35 |
| JPMorgan Chase | 1/22/2008 | $ 1,578.52 |
| JPMorgan Chase | 1/22/2008 | $24,978.00 |
| JPMorgan Chase | 1/2//2008 | $30,000.00 |
| | | $90,175.87 |



EXHIBIT

C

and

WHEREAS, in accordance with Supplemental Admiralty Rule B(2) and Local Civil Rule B(2), Plaintiff has notified Defendant of the referenced restraints and the pendency of this action and Defendant has indicated its specific awareness of this action; and

WHEREAS, Plaintiff has also mailed to Defendant the Summons and Verified Complaint, and Defendant has received the Summons and Verified Complaint; and

WHEREAS, Defendant has not answered, appeared or otherwise moved with respect to the instant action or the funds under attachment, and the time for doing so has expired; and

WHEREAS, by virtue of the London arbitration awards issued in Plaintiff's favor on April 12, 2007, Plaintiff has demonstrated recoverable damages in excess of the amount of the funds currently under attachment; and

WHEREAS, there is no just reason for delay,

NOW, upon application of Plaintiff,

**IT IS ORDERED, ADJUDGED** and **DECREED** that judgment be entered against Defendant Sitara Shipping Limited in favor of Plaintiff in the amount of $90,175.87, reserving to Plaintiff any and all rights it may have with regard to seeking any additional balance due for costs and attorney fees in other jurisdictions.

**IT IS FURTHER ORDERED, ADJUDGED** and **DECREED** that upon expiration of the automatic stay of execution of judgment as provided by Federal Rule of Civil Procedure 62 and upon receiving a copy of this Judgment, the garnishee banks holding funds as identified above are directed to turn over the funds restrained by the order of attachment issued in this case, plus any accrued interest, in accordance with the written instructions provided by Plaintiff's

counsel Freehill Hogan & Mahar, LLP.  There is no need for Plaintiff to serve a writ of execution upon the garnishee banks.


Dated this _____ day of _____ 2008, at New York, New York.


_____

U.S. DISTRICT JUDGE JONES

**SCHULTZ, PAMELA L.**

| | |
|---|---|
| **From:** | SCHULTZ, PAMELA L. |
| **Sent:** | Thursday, December 13, 2007 8:23 AM |
| **To:** | 'manoj.khatri@psplawoffice.com'; 'sitaras@vsnl.com' |
| **Subject:** | Gusto v. Sitara Shipping |

**Attachments:**     20071212174740581.pdf



2007121217474058
1.pdf (77 KB)

Please see the attached, which we have tried to send by fax, but have been unsuccessful.

Regards,


Pamela L. Schultz
Freehill Hogan & Mahar
80 Pine Street, 24th Floor
New York, NY 10005
Tel: 212-381-3025
Fax: 212-425-1901



EXHIBIT

$\mathcal{D}$

1

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*△†
DANIEL J. FITZGERALD*†△
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
* ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

## FAX TRANSMISSION

December 12, 2007

Total No. of Pages: 2

TO:      Sitara Shipping Ltd.
FAX:     011-91-11-2681-6039
         011-91-484-2266-7484
Re:      **Gusto Shipping S.A. v. Sitara Shipping Limited**
         **07 CV 9889 (BSJ)**

OUR REF:   501-07/PJG/PLS

Dear Sirs:

We represent Plaintiff in the captioned matter involving the M/V GUSTO and write to advise you that we have commenced an action in the United States District Court for the Southern District of New York applying for an order of attachment. The order of attachment has been served on a variety of banking institutions in New York, and in response to that order of attachment we received notice from Citibank that a fund transfer in the sum of **$10,107** was restrained.

If you would like to review a copy of the pleadings filed in New York, we would be happy to provide you with them, or in the alternative, if you choose to appoint counsel in New York, we would be happy to forward a set to them. Alternatively, if you would like to arrange for the posting of security to obviate the need for us to proceed with the action, we would be happy to discuss with you arrangements for the posting of substitute security. Finally, we note for your guidance that you have the right to a prompt, post seizure hearing should you wish to challenge the attachment.

PLEASE NOTE: The information contained in this fax is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.

NYDOCS1/295470.1

Total No. of Pages: 2

We look forward to hearing from you regarding the foregoing.

Very truly yours,
FREEHILL HOGAN & MAHAR LLP
*Pamela L. Schultz*
Pamela L. Schultz

FREEHILL, HOGAN & MAHAR LLP

**SCHULTZ, PAMELA L.**

| | |
|---|---|
| **From:** | SCHULTZ, PAMELA L. |
| **Sent:** | Friday, December 14, 2007 1:02 PM |
| **To:** | 'manoj.khatri@psplawoffice.com'; 'sitaras@vsnl.com' |
| **Subject:** | Gusto Shipping S.A. v. Sitara Shipping Limited |

**Attachments:**    Second_notice_to_defendants.pdf

Please see the attached.



Second_notice_to_
defendants.pd...

Pamela L. Schultz
Freehill Hogan & Mahar
80 Pine Street, 24th Floor
New York, NY 10005
Tel: 212-381-3025
Fax: 212-425-1901

1

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*°†
DANIEL J. FITZGERALD*†△
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
° ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
**FREEHILL HOGAN & MAHAR LLP**
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE (203) 921-1913
FACSIMILE (203) 359-8377

## E-MAIL TRANSMISSION

December 14, 2007

Total No. of Pages: 2

TO:          Sitara Shipping Ltd. and Manoj Khatri
E-MAIL:      sitaras@vsnl.com and maoj.khatri@psplawoffice.com
**Re:**      **Gusto Shipping S.A. v. Sitara Shipping Limited**
             **07 CV 9889 (BSJ)**

OUR REF:     501-07/PJG/PLS

Dear Sirs:

We represent Plaintiff in the captioned matter involving the M/V GUSTO and write to further to our e-mail correspondence of 13 December advising that we have commenced an action in the United States District Court for the Southern District of New York applying for an order of attachment. The order of attachment has been served on a variety of banking institutions in New York, and in response to that order of attachment we just received notice from Citibank that an additional fund transfer in the sum of **$3,461** was restrained.

If you would like to review a copy of the pleadings filed in New York, we would be happy to provide you with them, or in the alternative, if you choose to appoint counsel in New York, we would be happy to forward a set to them. Alternatively, if you would like to arrange for the posting of security to obviate the need for us to proceed with the action, we would be happy to discuss with you arrangements for the posting of substitute security. Finally, we note for your guidance that you have the right to a prompt, post seizure hearing should you wish to challenge the attachment.

*PLEASE NOTE: The information contained in this fax is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.*

NYDOCS1/295588.1

Total No. of Pages: 2

We look forward to hearing from you regarding the foregoing.

Very truly yours,
FREEHILL HOGAN & MAHAR LLP
*Pamela L. Schultz*
Pamela L. Schultz

**SCHULTZ, PAMELA L.**

| | |
|---|---|
| **From:** | SCHULTZ, PAMELA L. |
| **Sent:** | Tuesday, December 18, 2007 2:34 PM |
| **To:** | 'manoj.khatri@psplawoffice.com'; 'sitaras@vsnl.com' |
| **Cc:** | GUTOWSKI, PETER |
| **Subject:** | RE: Gusto Shipping S.A. v. Sitara Shipping Limited |

**Attachments:**    Third_Notice_Letter_to_Defendants.pdf

Please see the attached notice of attachment.


Pamela L. Schultz
Freehill Hogan & Mahar
80 Pine Street, 24th Floor
New York, NY 10005
Tel: 212-381-3025
Fax: 212-425-1901



Third_Notice_Letter
_to_Defenda...

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*◇†
DANIEL J. FITZGERALD*†△
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
◇ ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE (203) 921-1913
FACSIMILE (203) 358-8377

## E-MAIL TRANSMISSION

December 18, 2007

Total No. of Pages: 2

| | |
|---|---|
| TO: | Sitara Shipping Ltd. and Manoj Khatri |
| E-MAIL: | sitaras@vsnl.com and manoj.khatri@psplawoffice.com |
| Re: | **Gusto Shipping S.A. v. Sitara Shipping Limited** **07 CV 9889 (BSJ)** |

OUR REF:    501-07/PJG/PLS

Dear Sirs:

We represent Plaintiff in the captioned matter involving the M/V GUSTO and write to further to our e-mail correspondence of last week advising that we have commenced an action in the United States District Court for the Southern District of New York applying for an order of attachment. The order of attachment has been served on a variety of banking institutions in New York, and in response to that order of attachment we just received notice from BNP Paribas that an additional fund transfer in the sum of **$20,051.35** was restrained.

If you would like to review a copy of the pleadings filed in New York, we would be happy to provide you with them, or in the alternative, if you choose to appoint counsel in New York, we would be happy to forward a set to them. Alternatively, if you would like to arrange for the posting of security to obviate the need for us to proceed with the action, we would be happy to discuss with you arrangements for the posting of substitute security. Finally, we note for your guidance that you have the right to a prompt, post seizure hearing should you wish to challenge the attachment.

*PLEASE NOTE: The information contained in this fax is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.*

NYDOCS1/295757.1

Total No. of Pages: 2

We look forward to hearing from you regarding the foregoing.

Very truly yours,
FREEHILL HOGAN & MAHAR LLP
*Pamela L. Schultz*
Pamela L. Schultz

## SCHULTZ, PAMELA L.

| | |
|---|---|
| **From:** | SCHULTZ, PAMELA L. |
| **Sent:** | Tuesday, January 22, 2008 3:14 PM |
| **To:** | 'sitaras@vsnl.com'; 'manoj.khatri@psplawoffice.com' |
| **Cc:** | 'Russell Gardner' |
| **Subject:** | Gusto Shipping v. Sitara Shipping |
| | |
| **Attachments:** | Fourth_Notice_Letter_to_Defendants.pdf |

Please see the attached.



Fourth_Notice_Lett
er_to_Defend...

Pamela L. Schultz
Freehill Hogan & Mahar
80 Pine Street, 24th Floor
New York, NY 10005
Tel: 212-381-3025
Fax: 212-425-1901

LAW OFFICES OF
## FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900

FACSIMILE (212) 425-1901

E-MAIL: reception@freehill.com

www.freehill.com

GEORGE B. FREEHILL
WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
LAWRENCE J. KAHN*
BARBARA G. CARNEVALE*
MANUEL A. MOLINA
JUSTIN T. NASTRO*
PAMELA L. SCHULTZ*◦†
DANIEL J. FITZGERALD*†△
MICHAEL C. ELLIOTT*
JAN P. GISHOLT†

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
◦ ALSO ADMITTED IN LOUISIANA

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
23 OLD KINGS HIGHWAY SOUTH
DARIEN, CT 06820-4538
TELEPHONE (203) 921-1913
FACSIMILE (203) 358-8377

## E-MAIL TRANSMISSION

January 22, 2008

Total No. of Pages: 2

TO:         Sitara Shipping Ltd. and Manoj Khatri
E-MAIL:     sitaras@vsnl.com and manoj.khatri@psplawoffice.com
Re:         **Gusto Shipping S.A. v. Sitara Shipping Limited**
            **07 CV 9889 (BSJ)**

OUR REF:    501-07/PJG/PLS

Dear Sirs:

We represent Plaintiff in the captioned matter involving the M/V GUSTO and write to further to our last three e-mail correspondence advising that we have commenced an action in the United States District Court for the Southern District of New York applying for an order of attachment. The order of attachment has been served on a variety of banking institutions in New York, and in response to that order of attachment we just received notice from JPMorgan Chase that three additional funds transfers have been restrained. The three transfers of $23,000, $24,978 and $30,000 were restrained. Since the Process of Maritime Attachment only permits a total attachment of $90,175.87, and other funds have been restrained as per our earlier notices, we have asked that $21,421.48 of the $23,000 transfer be released so no more than $90,175.87 remains attached.

We invite you to contact Mr. Russell Gardner at Hill Dickinson who also represents Plaintiff to obtain a final resolution of this matter in which there are valid and enforceable arbitration awards against Sitara. Mr. Gardner has been copied on this e-mail correspondence

*PLEASE NOTE: The information contained in this fax is privileged and confidential, and is intended only for the use of the individual named above and others who have been specifically authorized to receive such. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you received this communication in error, or if any problems occur with transmission, please notify us immediately by telephone - (212) 425-1900. Thank you.*

NYDOCS1/297698.1

Total No. of Pages: 2

and can be reached via phone at 44 (0) 20 7280 9203 or e-mail at russell.gardner@hilldickinson.com.

     If you have any questions, please do not hesitate to contact me.

               Very truly yours,
               FREEHILL HOGAN & MAHAR LLP
               *Pamela L. Schultz*
               Pamela L. Schultz

cc: Russell Gardner, via e-mail at russell.gardner@hilldickinson.com