501-07/PJG/PLS
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff Gusto Shipping S.A.
80 Pine Street
New York, New York 10005
(212) 425-1900
Peter J. Gutowski (PG 2200)
Pamela L. Schultz (PS 8675)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
GUSTO SHIPPING S.A.,                              07 CV 9889 (BSJ)
                        Plaintiff,

            - against -

SITARA SHIPPING LIMITED,
                        Defendant.
-------------------------------------------------------

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S APPLICATION FOR A DEFAULT JUDGMENT AND GRANTING
PLAINTIFF'S ATTORNEY FEES AND COSTS AND IN SUPPORT OF PLAINTIFF'S
APPLICATION FOR AN IMMEDIATE TURNOVER OF THOSE FUNDS**

## PRELIMINARY STATEMENT

Plaintiff Gusto Shipping S.A. ("Plaintiff") is entitled to the entry of a default judgment against Defendant Sitara Shipping Limited, pursuant to Federal Rule of Civil Procedure 55 for the full amount of the funds under attachment in this case.[1] In the alternative, Plaintiff is entitled to an order confirming the London arbitration award issued in Plaintiff's favor and against Defendant Sitara. Finally, Plaintiff is entitled to an order which calls for the immediate turnover of the funds under attachment in satisfaction of the judgment prayed for herein.

## FACTS

The facts pertinent to this application are relatively straightforward. Plaintiff, as owner of the M/V GUSTO, entered into two maritime contracts of charter party dated August 16, 2005, and September 26, 2005, with Defendant Sitara for the use and operation of the M/V GUSTO. (A copy of the signed charter parties are attached as Exhibits A and C to the Declaration of Russell Gardner). Disputes arose between the parties concerning Sitara's obligations to pay hire, freight, demurrage and other payments, and as a result, Plaintiff commenced London arbitration proceedings against Defendant Sitara for the outstanding sums due and owing, pursuant to the arbitration clause contained in the charter parties.

The London Tribunals issued two Awards in Plaintiff's favor, one under each charter party. The First Award relates to the August 16, 2005 charter party and directs Defendant Sitara to pay Plaintiff: (i) $9,879.46, plus interest at the rate of 7.0% per annum compounded quarterly from November 1, 2005, until paid; and (ii) costs of the reference of £2,000[2] and costs of the Award of £1,500 plus interest at the rate of 7.5% per annum compounded quarterly from the date

---

[1] In accordance with Local Civil Rule 55.2(b), Plaintiff has submitted with its current application the following: (1) the Clerk's Certificate of Default, (2) a copy of the Verified Complaint, and (3) a proposed form of default judgment.

[2] The exchange rate utilized was 1 GBP = 2.0095 USD.

NYDOCS1/306893.1                              1

of payment by Plaintiff (January 8, 2007). The amount due and outstanding on this Award, including interest, up to July 15, 2008 is $20,623.47.

The Second Award relates to the September 26, 2005, charter party and directs Defendant Sitara to pay Plaintiff: (i) $38,356.86, plus interest at the rate of 7.0% per annum compounded quarterly from November 1, 2005 until paid; and (ii) costs of the Award in the amount of £2,875 plus interest at the rate of 7.5% per annum from the date of payment by Plaintiff (November 8, 2007) until paid by Charterers. The amount due and outstanding on the Second Award is $54,195.59 with interest calculated to July 15, 2008. Thus, the total amount due and outstanding under the Awards is $74,819.06.

The instant action was filed on November 8, 2007, to obtain security for the amounts due and outstanding under the Awards. Plaintiff's complaint consequently included a prayer for an order of attachment pursuant to Supplemental Admiralty Rule B for the restraint of Defendant's assets in the district. Plaintiff requested interest on the amounts due and outstanding with an estimate of two years until judgment as well as collection costs, for a total amount to be attached in the amount of $90,175.87. The Court signed the order of attachment on November 8, 2007, the Clerk issued the Process of Maritime Attachment and Garnishment ("PMAG") in accordance therewith, and various garnishee banks were served with the PMAG. Thereafter, Plaintiff served the garnishee banks on a daily basis with the PMAG and eventually six transfers totaling $90,175.87 were restrained. (Schultz Aff. at ¶ 14).

Notice of each of these restraints was provided to Defendant Sitara in accordance with Supplemental Admiralty Rule B. (*See* ECF Doc. 7 ¶ 9 and Schultz Aff. ¶ 15). Following those notices, there have been various e-mail communications between Sitara's counsel, the undersigned's offices and Plaintiff's English solicitors, but Sitara still has not paid the amounts

due and outstanding (Schultz Aff. ¶ 15). Despite the numerous notifications provided to Sitara and formal service of the Summons and Complaint, it has failed to appear, answer or otherwise move with respect to these proceedings and no challenge to the attachment has been filed. (*See* Clerk's Certificate of Default attached as Ex. A to the Schultz Affidavit). Defendant has simply utterly failed to make any effort to cooperate with Plaintiff in regards to the underlying claim or the instant attachment proceedings.

Plaintiff now seeks a default judgment in its favor and against Defendant in an amount up to and including $90.175.87, from the funds under attachment which serves as the basis of the Court's *quasi in rem* jurisdiction.

## LEGAL DISCUSSION

**A.   Plaintiff is Entitled to a Judgment on the Amounts Awarded by the Arbitration Awards.**

   *1.   Plaintiff is entitled to a default judgment in accordance with Supplemental Admiralty Rule B(2) & Federal Rule of Civil Procedure 55.*

This action was commenced pursuant to Supplemental Admiralty Rule B to the Federal Rules of Civil Procedure. Supplemental Rule B(3)(b) obligates a defendant to answer within thirty (30) days of service of the writ of attachment on the garnishee or the property itself. The obligation to answer is not triggered (as it would be under Rule 4) by service of the summons and complaint on the defendant. Instead, the defendant receives its notice of the attachment and the concomitant obligation to answer by virtue of the prompt notice required by Local Rule B.2. The mechanism for seeking a default judgment is then governed by Federal Rule of Civil Procedure 55.

In the circumstances of this case, and as demonstrated by the Schultz Affidavit (ECF Doc. 7), Plaintiff has diligently notified Defendant Sitara of the action on various dates from

December 14, 2007 through January 22, 2008 and has also mailed to Sitara the Summons and Complaint by DHL through the Clerk of Court. (ECF Doc. 5 and entry dated March 12, 2008). Despite the numerous occasions on which it was notified of this action, and Defendant's awareness of this case, Defendant Sitara has utterly and completely failed to appear or respond to this action. (*See* Clerk's Certificate of Default). Plaintiff is thus entitled to entry of a default judgment against Sitara in accordance with Rule 55.

### 2. *In the alternative, Plaintiff is entitled to a judgment on the Awards because the Awards can be confirmed as a judgment under the New York Convention.*

The U.S. is a signatory to the New York Convention for the Recognition and Enforcement of Foreign Arbitral Awards ("the New York Convention"), and the enacting legislation is codified at 9 U.S.C. §§ 201 *et seq.* The New York Convention applies to "arbitral awards not considered as domestic awards in the State where their recognition and enforcement are sought." 9 U.S.C. §201, Article I, §1. The New York Convention requires the party seeking recognition and enforcement of a foreign arbitral award to provide a certified copy of the agreement to arbitrate and of the award sought to be enforced. 9 U.S.C. §201, Article IV, §1.

In the instant case, the arbitral awards rendered in this matter was made in London, England, and are therefore subject to recognition and enforcement under the New York Convention. Plaintiff has provided a duly certified copy of the original agreements to arbitrate contained within the charter party agreements and has provided a duly certified copy of the Awards. (See Exs. A-D to the Gardner Declaration). Upon submission of these documents, the Court *must* recognize and enforce the foreign arbitral awards. 9 U.S.C. §201, Article III.

Pursuant to the terms of the New York Convention, recognition and enforcement may be refused *only if* the party against whom recognition and enforcement is invoked furnishes proof pursuant to one of the few exceptions enumerated in Article V of the Convention. 9 U.S.C.

§201, Article V. It is respectfully submitted that no such proof exists or will be submitted in this matter. Accordingly, the Awards should be recognized and confirmed as a judgment of this Court in accordance with the New York Convention.

**B.   Plaintiff Should be Awarded Its Attorney Fees and Disbursements in Connection with this Action**

This Court has sufficient independent authority to award reasonable attorney fees and costs incurred by Plaintiff as a result of Defendant's failure to satisfy the Awards rendered in the London arbitration. *See, e.g., In the Matter of the Arbitration Between Bulkcarriers, Ltd. and Societe Al Alam Int'l*, 1983 A.M.C. 1501, 1502 (S.D.N.Y. 1983) ("[i]t has been held that a court may assess attorney's fees for willful and unjustified refusal to abide by an arbitrator's award") (*citing Nat'l Ass'n of Letter Carriers v. U.S. Postal Serv.*, 590 F.2d 1171 (D.C. Cir. 1978); *United Steelworkers of Am. v. Interpace Corp.*, 447 F. Supp. 387 (W.D. PA. 1978); *see also Int'l Union of District 50, United Mine Workers of Am. v. Bowman Transp. Inc.*, 421 F.2d 934, 935 (5th Cir. 1970) (the court in the exercise of equity may grant a petitioner's request for costs and attorney fees). See also, *Prime Shipping Co. Ltd. v. PT Ariobimo, et al.*, Civil No. 07-1253 (WHP) (May 6, 2008) (decision attached).

It is undisputed that Defendant agreed to arbitrate these disputes in London, and that it fully participated in the proceedings by serving defenses, counterclaims, etc. (Gardner Declaration ¶ 2). Furthermore, after the issuance of the Awards in Plaintiff's favor, Defendant unjustifiably refused or otherwise failed to satisfy the Awards, causing Plaintiff to engage in collection efforts in the United States. The instant action was filed in November 2007, to obtain security with the express aim of enforcing the Awards. Defendants have had more than adequate time to pay these arbitral awards and their continued refusal or failure to do so is *per se* in bad faith, which bad faith entitles Plaintiff to an award of attorney fees and costs incurred since the

commencement of this enforcement action. Plaintiff respectfully requests that the judgment to be rendered against Defendants include reasonable attorney fees and costs, as set forth in the Schultz Affidavit, which legal fees and costs have been incurred in enforcing the Awards.

**C.     Plaintiff is Entitled to an Immediate Turnover of the Funds under Attachment.**

As explained above and in the Schultz Affidavit, Plaintiff is entitled to judgment in its favor in the amount of $90,175.87 (the full amount under attachment which serves as the basis of the Court's *quasi in rem* jurisdiction), whether by default and/or pursuant to the New York Convention. To the extent the funds under attachment represent security for Plaintiff's valid claims against Defendant, those funds should be transferred to Plaintiff in satisfaction of the judgment prayed for herein. Accordingly, Plaintiff requests that the order and judgment prayed for herein provide for the immediate turnover of the full amount of funds under attachment to Plaintiff's designated account.

## CONCLUSION

For the above reasons, Plaintiff is entitled to a judgment in its favor for $90,175.87 (representing the extent of the funds under attachment) and an immediate turnover of those funds.

Dated: June 20, 2008
New York, New York

                                  Respectfully submitted,
                                  FREEHILL HOGAN & MAHAR, LLP
                                  Attorneys for Plaintiff

By: _____
Peter J. Gutowski  (PG 2200)
Pamela L. Schultz (PS 8675)
80 Pine Street
New York, NY  10005
(212) 425-1900/(212) 425-1901 fax

TO:    Prashant S. Pratap Law Office
        Attn: Manoj Khatri
        manoj.khatri@psplawoffice.com